IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EDWARD BAILEY, | Case No. 3:23-cv-01750-JR |
| Plaintiff, | |
| v. | **ORDER** |
| KEN MCCLEOD; MIKE SCHMIDT; OFFICER HILL; OFFICER BURNS; JESSE HOFFMAN; CHRISTOPHER RAMRAS; and ETHAN BODEGOM, | |
| Defendants. | |

**NELSON, District Judge**

Plaintiff brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court is plaintiff's Fourth Amended Complaint (ECF No. 39).

## BACKGROUND

Plaintiff originated this action by filing a Complaint (ECF No. 1) containing claims premised upon a December 2022 arrest; plaintiff alleged claims of false arrest, malicious prosecution, defamation, and intentional infliction of emotional distress against a private individual, two Portland Police Bureau officers, an assistant district attorney, and plaintiff's public defender. Plaintiff subsequently filed an Amended Complaint (ECF No. 24) adding numerous new defendants and alleging a variety of additional claims unrelated to the December 2022 incident. On May 16, 2024, Magistrate Judge Jolie A. Russo issued an Order (ECF No. 28) which, among other things, dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915(e) without prejudice. Judge Russo advised plaintiff of the deficiencies of his Amended Complaint and gave him leave to file a motion to amend within 30 days.

On May 31, 2024, plaintiff filed a Proposed Amended Complaint (ECF No. 36). In it, plaintiff asserted a version of his original claims relating to the events that transpired in December 2022, but added two new defendants, Multnomah County Sheriff's Officer Sean Hill and Multnomah County District Attorney Mike Schmidt. Plaintiff also realleged claims which Judge Russo had dismissed in her May 16, 2024, Order. On June 4, 2024, Judge Russo issued an Order (ECF No. 38) which, among other things, noted that plaintiff's pleading was "now in its fourth iteration and plaintiff has not stated any additional plausible claims. Indeed, although phrased differently, the [Proposed Amended Complaint] continues to pursue unviable claims and legal theories." Judge Russo concluded that plaintiff "may proceed with the claims alleged in his original complaint and no further amendments are allowed, at least at this stage in the proceedings and for the purposes of expanding the temporal/legal bases of liability." Judge Russo instructed plaintiff to file an amended complaint, entitled "Fourth Amended Complaint," "in accordance with this Order (i.e., alleging only claims premised on the December 2022 events alleged in the original complaint, but with the removal of defendant Scannell, and addition of defendants Schmidt and Hill)."

Plaintiff filed his Fourth Amended Complaint (ECF No. 39).[1] Plaintiff names as defendants the individuals listed in the caption above: Ken McLeod, who is a private individual; Multnomah County Sheriff's Officer Hill; Multnomah County Sheriff's Officer Burns; Multnomah County District Attorney Mike Schmidt; Deputy District Attorney Jesse Hoffman; Multnomah County Circuit Court Judge Christopher Ramras; and public defender Ethan Bodegom. Plaintiff alleges that on December 29, 2022, he had a verbal altercation with

---

[1] Due to an apparent clerical error, four days later plaintiff filed another, identical Fourth Amended Complaint (ECF No. 40), which is hereby STRICKEN from the record as duplicative.

defendant McLeod and alleges that McLeod provided false video evidence to defendants Burns, Schmidt, and Hoffman. He alleges Hoffman then conspired with these defendants to create a probable cause affidavit on December 29, 2022, which resulted in plaintiff's arrest. Although the circumstances are unclear from the allegations contained in the Fourth Amended Complaint, plaintiff was apparently re-arrested by Burns on December 30, 2022.

Plaintiff's arrest(s) resulted in charges against plaintiff in two cases, *State of Oregon v. Edward Earl Bailey*, Multnomah County Circuit Court Case No. 22CR62319, and *State of Oregon v. Edward Earl Bailey*, Multnomah County Circuit Court Case No. 22CR62478.[2] In Case No. 22CR62319, plaintiff was charged with driving under the influence of intoxicants, driving with a suspended or revoked license, escape in the second degree, interfering with a peace officer, felon in possession of a restricted weapon, criminal mischief in the second degree, criminal trespass in the second degree, disorderly conduct in the second degree, and menacing. Following a jury trial before Judge Ramras in December 2023, Plaintiff was ultimately convicted in Case No. 22CR62319 of felon in possession of a restricted weapon, escape in the second degree, and criminal driving with a suspended license.

In Case No. 22CR62478, plaintiff was charged with criminal mischief in the first degree, menacing, disorderly conduct in the second degree, and criminal trespass in the second degree. These charges were dismissed in November 2023.

---

[2] The Court may take judicial notice of undisputed matters of public record from plaintiff's state court cases which have a direct relation to matters at issue. *See Wilkins v. Corr. Officers*, No. 22-55745, 2024 WL 977679, at *1 n.2 (9th Cir. Mar. 7, 2024) (stating that courts "may take judicial notice of legal proceedings"); *Karas v. Cal. Dep't of Corr. & Rehab*, No. 21-15905, 2023 WL 8889552, at *1 n.3 (9th Cir. Dec. 26, 2023) (noting that the Ninth Circuit has held that courts "may take judicial notice of undisputed matters of public record" including records in state courts) (citation omitted).

Page | 3 - ORDER

Plaintiff alleges the charges brought against him in Case No. 22CR62478 violated his due process rights, although he does not allege how those rights were violated. Plaintiff then alleges the following claims against Hoffman, Burns, Hill, and Bodegom:

> Defendant Deputy District Attorney Jesse Hoffman had supervising Sgt. Officer for Officer Hill testify as "Witness" that there was an "Dragnet" aka; All Point Bulletin (APB) for Claimant/Plaintiff issued by Defendant Officer Burns. Officer Hill arrested me on December 29, 2023 [sic] and testified under the penalty of perjury that there was no "Dragnet." Claimant/Plaintiff filed a complaint against Officer Hill that has not been resolved on December 29, 2022. The charges were dismissed in November 2023 on Case #22-CR-62478.

> Defendant Ethan Bodegom was fired by Claimant/Plaintiff, and Claimant/Plaintiff filed a "Bar Complaint because Defendant Ethan Bodegom refused to get the stamped date of the "False Video Evidence" provided by Defendant Officer Burns, Defendant Ken McLeod video was used against Claimant/Plaintiff for "Sentencing Enhancement" from the dismissed case #22-CR-62478, and applied it in case #22-CR-62319.

Finally, plaintiff reiterates claims wholly unrelated to the December 2022 incident, but which instead pertain to the alleged denial of access to the courts in connection with a separate case filed in this Court, *Bailey v. Multnomah County Sheriff, et al.*, Case No. 3:22-cv-0042-YY. As noted, however, Judge Russo specifically forbade plaintiff from including this claim in his Fourth Amendment Complaint.

## LEGAL STANDARDS

A district court must dismiss an action initiated by a person granted leave to proceed *in forma pauperis* who is seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil right complaint for

failure to state a claim, the court must supply the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Therefore, to state a claim under Section 1983, a plaintiff must allege facts from which a court may infer "(1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Wash. Dep't of Soc. Servs*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

### I.    Defendant McLeod

Plaintiff has not stated a § 1983 claim for damages against defendant McLeod for providing information to police or testifying at plaintiff's trial because McLeod is a private citizen and is not alleged to be acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("]P]rivate parties are not generally acting under color of state law.") McLeod's sharing of video footage with police officers was not an act "performed under color of state law." *See Stanley v. Goodwin*, 475 F.Supp.2d 1026, 1039 (D. Haw. 2006) (finding private store security guard who detained plaintiff for shoplifting and showed surveillance video to responding arresting police officer not acting under color of state law), *aff'd* 262 F.App'x 786

Page | 5 - ORDER

(9th Cir. 2007). Likewise, "[i]t is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'" *Brisco v. LaHue*, 460 U.S. 325, 329-30 (1983).

## II.     Defendant Bodegom

Plaintiff has not stated a § 1983 claim for damages against defendant Bodegom, his court-appointed attorney. It is well established that defense attorneys and public defenders are considered private actors, and functions that a defense attorney performs in connection with a legal proceeding do not constitute action under color of law to establish federal jurisdiction over these claims. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (explaining that a defense attorney's "function is to represent his client, not the interests of the state or county" and therefore, "as a matter of law, . . . [he is] not a state actor"); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (noting that ineffectiveness claims are not cognizable under Section 1983 because "an attorney, whether retained or appointed, does not act 'under color of' state law"). Accordingly, plaintiff fails to state a claim upon which relief may be granted against defendant Bodegom.

## III.    Defendants Schmidt, Hoffman, and Ramras

Plaintiff alleges defendants Schmidt and Hoffman, who are prosecuting attorneys, and defendant Ramras, who was the presiding judge at plaintiff's criminal trial, violated his rights in connection with how his criminal charges were prosecuted and how his trial was conducted. These defendants, however, are entitled to absolute immunity.

Prosecutors are immune from liability pursuant to Section 1983 when functioning in their official capacity under proper jurisdiction. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (explaining that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity"); *see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (noting that "[a]bsolute immunity is generally accorded to . . . prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075-77 (9th Cir. 1986) (explaining that prosecutors generally are immune from liability unless acting without "authority"). Even accepting as true plaintiff's conclusory assertions that Schmidt and Hoffman brought false charges against him, the prosecutors acted within their jurisdiction and authority as Multnomah County prosecutors. Schmidt and Hoffman thus are immune from suit for their actions taken during the initiation and prosecution of the criminal proceedings against plaintiff.

Judges are also entitled to absolute immunity from suit for actions taken in the course of their official duties. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that "[a] judge is absolutely immune for judicial acts"); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judge Ramras acted within the scope of his jurisdiction as a Multnomah County Circuit Court judge when he conducted plaintiff's criminal trial. *See Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1986) (noting that absolute immunity "fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction" and therefore allegations that a judicial officer acted out of malice or bad faith in executing their duties do not suffice to sustain a complaint). Judge Ramras thus is immune from

suit for allegedly wrongful actions taken in connection with plaintiff's criminal proceedings in the Circuit Court.

## IV.     Defendants Burns and Hill

Finally, a civil rights case cannot be sustained pursuant to Section 1983 if "a judgment in favor of the plaintiff would necessarily imply the validity of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (explaining that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" and "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983"). Here, plaintiff alleges claims against defendants Burns and Hill intertwined with his state criminal proceedings which resulted in his conviction. He may not, however, do so without first demonstrating that his convictions have been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that an individual in state custody's "[Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the [individual]'s suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Because a finding in plaintiff's favor would necessarily imply the invalidity of his Multnomah County convictions, and because it does not appear his convictions have been invalidated, the complaint is subject to dismissal.

## CONCLUSION

For these reasons, IT IS ORDERED that plaintiff's Fourth Amended Complaint (ECF No. 39) is DISMISSED for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, as required under 28 U.S.C. § 1915(e)(2). The dismissal is WITH PREJUDICE as to plaintiff's claims against defendants McLeod, Schmidt, Hoffman, Ramras, and Bodegom. The dismissal is WITHOUT PREJUDICE as to defendants Burns and Hill.[3] Because plaintiff was previously granted numerous opportunities to amend to state a claim upon which relief may be granted, no further amendments will be allowed.[4]

All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this __28__ day of August 2025.

*Adrienne E Nelson* (signature)
Adrienne Nelson
United States District Judge

---

[3] Under *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995), a claim barred by *Heck* may be dismissed *sua sponte* without prejudice under 28 U.S.C. § 1915.

[4] Generally, if a *pro se* complaint is dismissed for failure to state a claim, the court must "freely" grant leave to amend. *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted). Nonetheless, courts have the discretion to deny leave to amend in causes of "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) ("The trial court's discretion . . . is particularly broad where . . . a plaintiff previously has been granted leave to amend.") (citations omitted).